NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUSO FUEL INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BP PRODUCTS NORTH AMERICA, : <br> INC., : <br> : <br> Defendant. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 08-CV-3947 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Luso Fuel, Inc. ("Plaintiff") for reconsideration of the Court's June 29, 2009 Order (Dkt. No. 18) granting summary judgment for Defendant BP Products N.A., Inc. ("Defendant"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, Plaintiff's motion for reconsideration is **denied**.

I.   Standard of Review

Motions for reconsideration are governed by Local Civil Rule 7.1(i). See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Under Rule 7.1(i), a movant must submit "concisely the matter or controlling decisions which the party believes the [court] has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration will be granted only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest

injustice. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Such relief is "an extraordinary remedy" to be granted "sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

## II.   DISCUSSION

Plaintiff requests that the Court reconsider its June 29, 2009 decision granting summary judgment for the Defendant because the Court "overlooked" the New Jersey Supreme Court's holding in Westfield Centre Serv., Inc. v. Cities Serv. Oil Co., 86 N.J. 453 (1981). Plaintiff argues that the Court's decision in this case directly conflicts with the holding in Westfield that "where the franchisor exercises a 'negotiated-for-right' to terminate, the franchisee is entitled to recover damages arising out of the termination." (See Pl.'s Mem. Supp. Reconsid. 5.) The Court discussed Westfield in its Opinion, however, and specifically distinguished it as a case in which the franchisor sought to change the nature of the franchise relationship by unilateral action, whereas, in this case, Defendant's termination of the franchise arose directly from an occurrence that was specifically contemplated by the Franchise Agreement and one that the Court found to be neither unilateral nor a change to the franchise relationship itself. Accordingly, because the Court did not "overlook" Westfield in its decision, and because Plaintiff fails to otherwise raise a sufficient basis for reconsideration, Plaintiff's motion is denied.

## III.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

                S/ Denis M. Cavanaugh
                Dennis M. Cavanaugh, U.S.D.J.

Date:       August 18, 2009
cc:        All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File